UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| DAVID A. SOLIS, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) No. 1:25-CV-015-CLC-MJD |
| T. FOSTER and T. TROUT, | ) |
| Defendants. | ) |

**MEMORANDUM & ORDER**

Plaintiff, a prisoner of the Tennessee Department of Correction, filed a pro se complaint for violation of § 1983 arising out of an incident in which Defendant Trout took his breakfast tray from him and referred to his race during an ensuing verbal altercation [Doc. 1] and a motion for leave to proceed *in forma pauperis* [Doc. 4]. The Court will address Plaintiff's motion [*Id.*] before screening the complaint [Doc. 1].

I. **MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

As it appears from his motion for leave to proceed *in forma pauperis* [Doc. 4] that Plaintiff cannot pay the filing fee in one lump sum, this motion [*Id.*] is **GRANTED**.

Plaintiff is **ASSESSED** the civil filing fee of $350.00. 28 U.S.C. § 1914(a). The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Chattanooga, Tennessee 37402, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to his inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C.§ 1915(b)(1)(A) and(B). Thereafter, the custodian of Plaintiff's inmate trust account is directed to submit twenty percent (20%) of his

preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this memorandum and order to the Court's financial deputy and the custodian of inmate trust accounts at Plaintiff's facility to ensure compliance with the Prison Litigation Reform Act ("PLRA") requirements for payment of the filing fee.

## II. COMPLAINT SCREENING

### A. Standard

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive a PLRA initial review, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Also, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a plausible claim. *Twombly*, 550 U.S. at 570. However, courts

liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

B. **Allegations**

According to Plaintiff, prisoners only get two meals on the weekends, so they receive a heavy breakfast on weekend days [Doc. 1 p. 4]. However, on Sunday, December 29, 2024, Plaintiff received only tortillas and cereal on his breakfast tray [*Id.*]. Plaintiff, who receives the Yahweh diet, felt his tray contained far fewer calories than other inmates' trays [*Id.*]. Plaintiff addressed this issue with the kitchen manager, who gave him potatoes [*Id.*]. Defendant Trout[1] then took Plaintiff's tray, at which point he and Plaintiff got into a verbal altercation in which Defendant Trout called Plaintiff "a stupid mother[*]cker," told Plaintiff to starve, and said in relevant part "I wish your Black [*]ss would" [*Id.*]. According to Plaintiff, these actions violated his rights because Defendant Trout took away his calories, denied him freedom of religion, and behaved in a way that amounted to discrimination [*Id.* at 4–5].

Accordingly, Plaintiff sued Defendant Trout [*Id.* at 1, 4–5]. As relief, Plaintiff requests that this Defendant be held responsible, monetary damages, and "to go home" [*Id.* at 5].

C. **Analysis**

The complaint fails to state a claim upon which relief may be granted under § 1983. Specifically, Defendant Trout's act of taking away Plaintiff's breakfast tray on one occasion did

---

[1] In the grievance regarding this incident that Plaintiff attached to his complaint, Plaintiff refers to this individual as "T. Foster" [Doc. 1 p. 10], and Plaintiff also named a "T. Foster" as a Defendant in the style of the complaint [*Id.* at 1]. However, it is apparent from the whole of Plaintiff's complaint filings [*Id.* at 1–10] that "T. Foster" is the same person Plaintiff names in his complaint as "T. Trout." Accordingly, the Court will refer to this person as "Defendant Trout."

3

not rise to the level of a constitutional violation. *Glover v. Boardman*, No. 1:18-CV-1134, 2018 WL 6726875, at *4 (N.D. Ohio Dec. 21, 2018) ("Being deprived of a single meal does not rise to the level of an Eighth Amendment violation" (collecting cases) (citations omitted)).

Further, while the Court does not condone Defendant Trout's decision to reference to Plaintiff's race during the verbal altercation, the fact that he did so does not implicate Plaintiff's constitutional rights, nor does the fact that Defendant Trout and Plaintiff had a verbal altercation. *Jones Bey v. Johnson*, 248 F. App'x 675, 677 (6th Cir. 2007) (finding that the occasional use of racial slurs, "although unprofessional and reprehensible, did not rise to the level of constitutional magnitude" (quoting *Corsetti v. Tessmer,* 41 F. App'x 753, 755–56 (6th Cir. 2002))); *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) (finding verbal abuse and harassment do not constitute "punishment" in the constitutional sense or otherwise raise a constitutional issue).

Moreover, Plaintiff has set forth no facts from which the Court can plausibly infer that his interactions with Defendant Trout rose to the level of an equal protection violation. Specifically, while Plaintiff appears to allege that Defendant Trout discriminated against him due to his race and/or religion in these interactions, he has not set forth any facts suggesting that this Defendant treated other similarly situated individuals of a different race and/or religion differently than Plaintiff. *Ctr. For Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) (quoting *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby, Mich.*, 470 F.3d 286, 299 (6th Cir. 2006)) (finding that a complaint failed to state an equal protection claim where it did not "make a plausible allegation that similarly situated . . . individuals, of a different political viewpoint, have not been subject to the same alleged treatment by Defendants"); *Nali v. Ekman,* 355 F. App'x 909, 913 (6th Cir. 2009) (stating that a claim for race discrimination in prison

discipline must be supported by allegations "that the people not disciplined were similarly situated and of a different race" to state an equal protection claim).

Also, while Plaintiff claims that Defendant Trout violated his right to freedom of religion, he does not set forth any facts from which the Court can plausibly infer that Defendant Trout's acts of taking Plaintiff's breakfast tray or having a verbal altercation with him burdened his ability to practice his religion in a manner that could rise to the level of a First Amendment violation or a violation of the Religious Land Use and Institutionalized Persons Act. *Hernandez v. C.I.R.*, 490 U.S. 680, 699 (1989); *Barhite v. Caruso*, 377 Fed. App'x 508, 511 (6th Cir. 2010).

Accordingly, this action will be **DISMISSED without prejudice** because the complaint fails to state a claim upon which relief may be granted under § 1983.

### III.  CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 4] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust accounts is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk is **DIRECTED** to provide a copy of this memorandum and order and the accompanying judgment order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy;

5. Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983;

6. Accordingly, this action will be **DISMISSED without prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

7. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

ENTER:

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**